*68
 
 Ruffin, C. J.
 

 The instruction would have been correct, ifBlackmore had been in possession at the time of the sale and the defendant had afterwards entered under him; for the privy in estate is bound by the estoppels, which affect the person under whom be derives the estate. So, too, it would be, if Hill went in after the day to which the execution related ; for a sale does not affect the lien of the execution, and the purchaser holds subject to it as his vendor did. But this case is not of either of those kinds. Blacltmore was out, and Hill in possession at the time of sale. Then, as to the relation of the execution, the case is, that it bore teste as of September Term of the Court, but the plaintiff did not shew the day it was sued out but only that it was levied on the
 
 30th
 
 of October, and that the defendant purchased in October, but whether before or after the 20th of October, the plaintiff did not establish. That being so, it was erroneous to hold, that the plaintiff was entitled absolutely to recover. For Blackmore’s interest in the premises, being a trust, though liable to be sold under execution,
 
 Henderson
 
 v.
 
 Hoke,
 
 1 Dev. & Bat. Eq. 119, was not, like a legal estate, bound from the teste of the execution, but only from the time of execution served, under the Act of 1812.
 
 Hall
 
 v.
 
 Harris,
 
 3 Ire. Eq. 289. It was incumbent on the plaintiff, relying on the lien of the
 
 fieri facias,
 
 to show, that it overreached the day of the defendant’s purchase — that is, supposing that purchase not to be fraudulent, as was assumed to be the fact in the instructions. For, no doubt the defendant is at liberty to insist, that the debtor’s interest was not liable to the lien of the execution at the lime of his purchase. For example, that he purchased the legal estate before the teste of the execution, or before the delivery of a justice’s execution ; and so, in like manner, that the debtor had sold and transferred the trust before execution sued, and that the trustee was no longer seised in trust for him, but for his assignee. This
 
 *69
 
 was laid down in
 
 Hall
 
 v.
 
 Harris.
 
 But, in truth, the plaintiff here relieved the defendant from proving the nature of Blackmore’s interest by giving the proof himself. The case was, therefore, but the common one, in which both parties claim under the same person, and, for that reason, neither can deny the title of that person, and the question is simply, which of them derived the better title from their common vendor.
 

 The defendant’s purchase, certainly, operates only from the day it was in fact made. If it shall turn out, that the execution had then been issued, there is an end of the question, and the plaintiff must recover by force, simply, of its lien. But if the purchase was prior, the plaintiff can only recover by shewing, that it was not for the payment of a just debt or other valuable consideration, or otherwise not
 
 bona fide,
 
 but fraudulent.
 

 Per CuRiam. Judgment reversed and
 
 venire de novo.